Jayne M. Sassano
Attorney at Law – Bar No. 007496
2709 East Victor Hugo Avenue
Phoenix, AZ  85032
602-953-1742
commtranz@aol.com
Attorney for Plaintiffs

U.S. DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALL IN WEAR, INC. and ROMEL BAKO, ) | Civil Action No. |
| ) | |
| Plaintiffs, ) | |
| v. ) | **COMPLAINT FOR** |
| ) | **TRADEMARK** |
| DALLAS BASKETBALL LIMITED d/b/a ) | **INFRINGEMENT, CONSUMER** |
| The Dallas Mavericks, ) | **FRAUD, TRESPASS TO** |
| ) | **CHATTEL AND UNFAIR** |
| Defendants ) | **COMPETITION** |
| ) | |
| ) | (Jury Trial Requested) |

Plaintiffs, through their attorneys, allege as follows:

I.  **SUMMARY STATEMENT.**

Defendant and other unknown defendants are engaged in commercial activities producing, distributing and selling clothing (primarily shirts) that carry Plaintiffs' registered trademark.  Defendants do not have permission or authority to use Plaintiffs' mark.

Since early 2003, Plaintiffs have promoted their own apparel, including

shirts, carrying the federally registered trademark, ALL IN®. Defendant's use of Plaintiffs' trademark on wearing apparel is likely to confuse consumers. Preventing consumer confusion will help to protect consumers from deceptive and fraudulent practices, allow consumers to make fully informed decisions when shopping thereby promoting the consumer protection goals of the trademark laws and other unfair competition laws.

For this action, Plaintiffs seek to enjoin Defendants from using the trade name and trademark, ALL IN® on clothing and all manner of wearing apparel. This is an action at law and in equity for Trademark Infringement, Unfair Competition, and Reverse Confusion, under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

The unfair competition laws do not allow a late comer to copy a trademark and "free ride" on Plaintiffs' goodwill. Defendants must not be permitted to benefit from Plaintiffs' long term investment in and development of the mark ALL IN® at the expense of Plaintiffs and to the detriment of consumers.

## II. JURISDICTION AND VENUE.

1. This is an Action for violations of the Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement), 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition), common law fraud, trespass, and for other claims arising under state law.

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to the federal claims that they form part of the same case or controversy .

3. The Court has personal jurisdiction over the Defendant because the Defendant directs business activities toward and conducts business with consumers within the state of Arizona. Also, the Defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. Defendant also actively displays, disseminates, and promotes the infringing mark on EBay, and on Amazon.com, for purposes of attracting customers from Arizona and worldwide. The publication and dissemination of the infringing trademark in Arizona and elsewhere is causing ongoing injury to Plaintiffs.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391, because a substantial part of the events giving rise to the claims occurred, and continue to occur, in this District. The damage to Plaintiffs described herein takes place in this District and elsewhere.

## III.   THE PARTIES

Plaintiffs

5. Romel Bako is a resident of Scottsdale, Arizona and U.S. citizen.

6. All In Wear, Inc. is an Arizona corporation that manufactures, markets and sells clothing with the registered trademark.

Defendants

7. Dallas Basketball Limited d/b/a The Dallas Mavericks is a Texas limited partnership doing business in Texas, Arizona and worldwide. Its Registered Agent for service of process is Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

## IV. THE ALL IN WEAR® REGISTERED TRADEMARK

8. The term ALL IN® and ALL IN Wear is not only the name of Plaintiffs' company, but is also a registered trademark for clothing/wearing apparel.

9. Plaintiff's trademark is an arbitrary catch phrase initially acquiring federal trademark protection on April 25, 2003, and the USPTO registered the mark to Romel Bako on December 14, 2004.

10. Plaintiffs' trademark was renewed under Section 8's ten year requirement in April 2014.

11. Plaintiffs' trademarked products have been advertised nationwide and sold across the United States.

12. Since 2003, Plaintiffs have used the ALL IN® Wear mark in commerce without substantial interruption.

13. Since 2003, Plaintiffs have used their best efforts to protect the trademark and to discourage others from using Plaintiffs' trademark in the sale of wearing apparel.

## V. DEFENDANT'S ILLEGAL ACTS

14. On information and belief, sometime in May 2012 and continuing today, Defendant began to distribute and sell shirts with Plaintiffs' registered trademark emblazoned on one side.

15. Defendant continues to sell and offers to sell shirts in interstate commerce that bear Plaintiffs' registered trademark, including on internet websites.

16. Plaintiffs did not provide permission to Defendant to use its ALL IN® mark on clothing.

17. Through Defendant's use of Plaintiffs' registered mark, Defendant has intentionally and with knowledge sought to cause consumer confusion, mistake and deception.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT, 15 U.S.C. § 1114.

18. Plaintiffs reallege paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Defendant's use of the ALL IN® trademark to promote, market and sell shirts and/or hats constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

20. Defendant's intentional and willful trademark infringement of the ALL IN® Wear registered trademark has caused and will continue to cause damage to Plaintiffs' economic interests.

21. Defendant's use of Plaintiffs' registered trademark is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

22. Defendant are directly, contributorily and/or vicariously liable for the infringement actions outlined heretofore, and where it uses Plaintiff's registered trademark to promote and market its own products and services.

## COUNT II

## UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. 1125(a)

23. Plaintiffs reallege paragraphs 1-22 of this Complaint as if fully set

forth herein.

24. Defendant's use of the ALL IN® Wear trademark on shirts and/or hats to promote, market or sell its products and services constitutes unfair competition pursuant to Section 43(a) of 15 U.S.C. § 1125(a).

25. Defendant's use of Plaintiffs' mark is likely to cause confusion, mistake and deception among consumers.

26. Defendant's acts of unfair competition have caused and will continue to cause economic and other damages to Plaintiffs.

27. Defendant's actions are causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

28. Defendant is directly, contributorily and/or vicariously liable for these actions.

## COUNT III
## CONSUMER FRAUD

29. Plaintiffs reallege paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Defendant's use of Plaintiffs' registered trademark to promote, market or sell products and services, including on Defendant's website, and on Ebay and Amazon.com websites, constitutes consumer fraud.

31. Defendant's use of Plaintiffs' registered trademark intentionally deceives consumers in this jurisdiction and across the United States, causing injury to Plaintiffs and potential injury to consumers.

## COUNT IV
## TRESPASS TO CHATTELS

32. Plaintiffs reallege paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Defendant's use of Plaintiffs' registered trademark in commerce and in promotion, wrongfully interferes with Plaintiffs' property rights.

34. Defendant has used Plaintiffs' registered trademark to its own advantage without authorization and trespassed upon Plaintiffs' property.

35. As a result of Defendant's actions, Plaintiffs have been damaged in an amount to be proven at trial.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

36. Plaintiffs reallege paragraphs 1-35 of this Complaint as if fully set forth herein.

37. This is an action against Defendant based on its manufacture, promotion, advertisement, distribution, sale and/or offering of wearing apparel bearing the registered trademark belonging to Plaintiff in violation of Arizona's common law of unfair competition.

38. Specifically, Defendant is promoting and otherwise advertising, offering for sale, and distributing wearing apparel containing the All In registered trademark. Defendant is also using infringements to unfairly compete with Plaintiffs for visibility on the World Wide Web, and by way of various popular search engines.

39. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and consuming public.

40. Plaintiffs have no adequate remedy at law and are suffering irreparable injury as a result of Defendant's unfair competition.

WHEREFORE, Plaintiffs pray for judgment on all counts of this Complaint and awards of both equitable relief and monetary relief against Defendant. Specifically, Plaintiffs pray that this Court:

(1) Issue a permanent injunction enjoining Defendant and its agents, affiliates, successors and assigns from:

    (A) Using Plaintiffs' registered trademark, or any version thereof, in connection with clothing or wearing apparel; and

    (B) Infringing Plaintiffs' registered trademark;

(2) Order Defendant to account for and pay to Plaintiff all monies wrongfully derived by Defendant through its unlawful acts of infringing, with legal interest from the date of accrual thereof;

(3) Order an award of damages in am amount to be determined at trial by jury; and

(4) Order an award of treble damages as provided by the Lanham Act; and

(5) Order an award of attorney's fees and costs pursuant to federal and/or state laws; and

(6) Order an award of punitive damages to be determined at trial; and

(7) Any other and further relief that the Court deems appropriate.

## COUNT V
## JURY DEMAND

Plaintiffs, pursuant to Rule 38, Federal Rules of Civil Procedure, hereby demand a trial by jury on all issues of this case.

Dated this 3rd day of June, 2014.

By: *Jayne Sassano*
Jayne M. Sassano
2709 E. Victor Hugo Avenue
Phoenix Arizona 85032
Attorney for Plaintiffs ALL IN Wear, Inc.
And Romel Bako